**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SOUND AND COLOR, LLC,

       Plaintiff - Appellant,

  v.

SAMUEL SMITH, et al.,

       Defendants - Appellees.

No. 23-2680

D.C. No.
2:22-cv-01508-WLH-AS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Wesley L. Hsu, District Judge, Presiding

Argued and Submitted March 25, 2025
Pasadena, California

Before: BOGGS,[**] FRIEDLAND, and BRESS, Circuit Judges.

    Sound and Color, LLC, appeals the district court's grant of summary

judgment to Defendants on its copyright-infringement claim. Pursuant to the

parties' stipulation, the only issue presented for summary judgment was whether

the "hook" in Sound and Color's song is substantially similar to the hook in

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Defendants' song under the extrinsic test.  The district court held that Sound and Color could not satisfy the extrinsic test as a matter of law and therefore granted summary judgment.  We review de novo, *Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004), and we reverse.

1. "The extrinsic test . . . serve[s] the purpose of permitting summary judgment in clear cases of non-infringement . . . ."  *Id.* at 848.  The extrinsic test typically requires a three-step analysis: "(1) the plaintiff identifies similarities between the copyrighted work and the accused work; (2) of those similarities, the court disregards," *i.e.*, "filter[s] out," "any that are based on unprotectable material or authorized use; and (3) the court must determine the scope of protection," either "broad" or "thin," "to which the remainder is entitled as a whole."  *Corbello v. Valli*, 974 F.3d 965, 974-75 (9th Cir. 2020) (quotation marks omitted).  But here, Sound and Color asserts a selection-and-arrangement theory of infringement.  Under that theory, copyright protection is extended to "a combination of unprotectable elements . . . only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship."  *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1074 (9th Cir. 2020) (en banc) (alteration in original) (quoting *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003)).

Defendants do not argue in this appeal that the selection and arrangement of

otherwise unprotectable elements in Sound and Color's hook does not constitute an original work; rather, they contend that the same selection and arrangement does not appear in their hook. The district court's summary judgment order also did not adjudicate the issue of the originality of Sound and Color's hook. We therefore likewise do not reach that issue. Because a selection-and-arrangement theory is an alternative to filtering used to assess works that cannot as easily "be dissected into protected and unprotected elements," our analysis does not filter out the musical elements that would be individually unprotectable. *Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 942 (9th Cir. 2023) (quoting *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1119 (9th Cir. 2018), *overruled on other grounds by Skidmore*, 952 F.3d 1051); *see also id.* at 942 n.11; *Swirsky*, 376 F.3d at 848 ("[S]ubstantial similarity can be found in a combination of elements, even if those elements are individually unprotected.").

"[A] selection and arrangement copyright is infringed only where the works share, in substantial amounts, the 'particular,' *i.e.*, the 'same,' combination of unprotectable elements." *Skidmore*, 952 F.3d at 1075 (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 349, 350-51 (1991)). "So long as the plaintiff can demonstrate, through expert testimony that addresses some or all of these elements and supports its employment of them, that the similarity was 'substantial' and to 'protected elements' of the copyrighted work, the extrinsic test

is satisfied." *Swirsky*, 376 F.3d at 849. We do not have a "'well-defined standard for assessing when similarity in selection and arrangement becomes substantial,'" but "[w]e have suggested generally that the 'selection and arrangement of elements must be similar enough that the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them.'" *Hanagami*, 85 F.4th at 943 (quoting *Rentmeester*, 883 F.3d at 1121).

Here, a reasonable jury could find that the hooks share the same combination of unprotectable elements in substantial amounts. As Sound and Color's experts opined, the hooks share the same combination of several musical elements, including the same lyrics, the same "metric placement" of the beginning of each syllable, and the same downward "melodic contour" that starts at pitch 7 and ends at pitch 3. Defendants' experts do not identify any hook in the prior art that shares that same melodic contour with those starting and ending pitches. *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000) (affirming the jury's finding of substantial similarity where the defendants' expert conceded that "he had not found the combination of unprotectible elements in the [plaintiff's] song 'anywhere in the prior art'"), *overruled on other grounds by Skidmore*, 952 F.3d 1051. Sound and Color's experts testified that the hooks also share various other similarities, such as a four-on-the-floor bass-drum pattern with syncopated hi-hats.

In arguing that the differences between the hooks preclude a finding of substantial similarity, Defendants emphasize some variations in the pitch sequences and chord progressions. But "[o]bjective analysis of music under the extrinsic test cannot mean that a court may simply compare the numerical representations of pitch sequences and the visual representations of notes to determine that two choruses are not substantially similar," because "[u]nder that approach, expert testimony would not be required at all." *Swirsky*, 376 F.3d at 847-48. "[A]t summary judgment, so long as the [plaintiff] 'presented *indicia* of a sufficient disagreement concerning the substantial similarity of [the] two works,'" as Sound and Color has here, "then the case *must* be submitted to a trier of fact."[1] *Williams v. Gaye*, 895 F.3d 1106, 1137 (9th Cir. 2018) (third alteration in original) (quoting *Swirsky*, 376 F.3d at 844).

2. Defendants argue that the district court's grant of summary judgment can be affirmed on the alternative ground that Sound and Color's hook is only entitled to thin copyright protection. We disagree. "[F]or works where there is a narrow

---

[1] Defendants argue that Sound and Color's experts collapse the extrinsic and intrinsic tests. But with limited possible exceptions, Sound and Color's experts were "not testifying, as the intrinsic test would require, as to whether subjectively the 'ordinary, reasonable person would find the total concept and feel of the [two hooks] to be substantially similar.'" *Swirsky*, 376 F.3d at 847 (quoting *Three Boys Music*, 212 F.3d at 485). Rather, its experts opined that "although the two [hooks] are not exactly identical on paper, when examined in the structural context of" the other musical elements, "they are remarkably similar." *Id.*

range of available creative choices," the plaintiff's work has a "thin" copyright, and "the defendant's work would necessarily have to be 'virtually identical' to the plaintiff's work in order to be substantially similar." *Skidmore*, 952 F.3d at 1076 n.13. "On the other hand, for a work that enjoys a wide range of possible expression and broad creative choices, the work merits 'broad' copyright protection . . . ." *Hanagami*, 85 F.4th at 947 (quoting *Mattel, Inc. v. MGA Ent., Inc.*, 616 F.3d 904, 914 (9th Cir. 2010)).

"A selection and arrangement copyright is not always thin." *Skidmore*, 952 F.3d at 1076 n.13; *see also Swirsky*, 376 F.3d at 851 ("[A]n arrangement of a limited number of notes can garner copyright protection."). Defendants' exhibit containing forty-three audio excerpts of songs with similar lyrics but differences in rhythm, pitch sequence, and melodic contour illustrates the "wide range of possible expression and broad creative choices" involved in crafting a hook and thereby shows that broad copyright protection is appropriate. *Hanagami*, 85 F.4th at 947.

*Gray v. Hudson*, 28 F.4th 87, 102 (9th Cir. 2022), is not to the contrary. There, the plaintiff alleged infringement of an "ostinato," which consisted of a repeating "two-note snippet of a descending minor scale" in a "completely flat rhythm." *Id.* at 92-93, 102. *Gray* rejected plaintiff's selection-and-arrangement claim on the ground that even if the plaintiff's and defendant's works "combine[d] musical building blocks *in the same way*," the plaintiff's "ostinato lack[ed] 'the

quantum of originality needed to merit copyright protection.'" *Id.* at 102 (emphasis added) (quoting *Satava*, 323 F.3d at 811); *see also id.* at 96 ("We agree with the district court that plaintiffs failed to establish copying of any original . . . elements of [plaintiff's work.] For that reason, we affirm its decision . . . [w]e need not reach any other issue in this case.").

In addition, although the district court in *Gray* held in the alternative that the plaintiff's work was entitled to only thin copyright protection, *id.* at 95, *Gray* is factually distinguishable on this point as well. Sound and Color's hook contains the selection and arrangement of seven notes of varying durations and pitches, and lyrics chosen to sing with those notes. *Cf. id.* at 102 (noting "the limited number of musical notes (as opposed to words in a language)" (quoting *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002))). The "range of creative choices" available in producing Sound and Color's hook is therefore much broader than the possible range for the ostinato considered in *Gray*. *Rentmeester*, 883 F.3d at 1120.

**REVERSED** and **REMANDED**.